## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIRIAM COLON** | : | CIVIL ACTION - LAW |
| 4956 Brookside Court | : | No.: |
| Coopersburg, PA 18036 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **VALLEY MANOR REHABILITATION** | : | |
| **AND HEALTHCARE CENTER LLC,** | : | |
| **d/b/a VALLEY MANOR REHAB &** | : | |
| **CARE CENTER** | : | |
| 7650 Route 309 | : | |
| Coopersburg, PA 18036 | : | |
| | : | |
| **LEIBAL GUTMAN** | : | |
| 1170 East 24th Street | : | |
| Brooklyn, NY 11210 | : | |
| | : | |
| Defendants. | : | TRIAL BY JURY DEMANDED |

## COMPLAINT

## NATURE OF THE ACTION

1.      Plaintiff is an experienced, licensed Nursing Home Administrator who was discharged from her job with Defendants because she was experiencing a high risk pregnancy, and in retaliation for engaging in protected activity:  requesting accommodation and FMLA leave; objecting to and trying to stop Medicare/Medicaid fraud; and objecting to and participating in an investigation of ERISA violations relating to Defendants' failure to provide promised dental and vision insurance coverage to employees while deducting premiums for that coverage from employee paychecks.

1

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction over this matter under 28 U.S.C. § 1331 as this action arises under the Pregnancy Discrimination Act of 1978, the Pregnant Workers Fairness Act, the Family and Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act ("ADA"), the anti-retaliation provisions of the False Claims Act ("FCA"), and Section 510 of the Employee Retirement Income Security Act ("ERISA").

3.    This Court has supplemental jurisdiction over the state law claims in this action under 28 U.S.C. § 1367.

4.    Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

5.    Plaintiff Miriam Colon is a citizen of Pennsylvania who resides at 4956 Brookside Ct., Coopersburg, PA 18036.  Plaintiff was hired by Defendants in December 2024 to become the Nursing Home Administrator of Valley Manor Rehab and Care Center effective January 20, 2025.

6.    Defendant Valley Manor Rehabilitation and Healthcare Center LLC, d/b/a Valley Manor Rehab & Care Center ("Valley Manor"), is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 7650 Route 309, Coopersburg, PA 18036.

7.    Plaintiff filed a timely Charge of Discrimination with the EEOC (cross-filed with the PHRC) and the Commission has issued a right to sue letter fewer than ninety days before the filing of this action.

8.    Defendant Leibel "Leo" Gutman is the Manager of and an owner of Valley Manor.

2

9.      At all pertinent times Defendant Gutman acted as an employer within the meaning of the FMLA and other applicable laws.  Gutman acted, directly or indirectly, in the interests of Valley Manor to its employees.  Gutman had the power to hire and fire Valley Manor employees, supervise and control employees, determine the method and rate of payment of employees, and maintain employment records.

10.     At all pertinent times Valley Manor was Plaintiff's employer and Mr. Gutman aided and abetted Valley Manor in its unlawful treatment of Plaintiff.

11.     At all pertinent times Defendants had fifty or more employees within a 75 mile radius of Valley Manor's Coopersburg, PA facility and were covered employers within the meaning of the FMLA.

12.     Plaintiff was an eligible employee under the FMLA.

**PREGNANCY RELATED ACTIVITY**

13.     Plaintiff is experiencing a high risk pregnancy.  Plaintiff informed Defendants of her high risk pregnancy and of her need for accommodation, as well as her need for intermittent FMLA leave.  Plaintiff notified Defendants that Plaintiff's baby was due in May 2026 and that Plaintiff intended to take pregnancy/maternity leave after her baby was born.

14.     After the major winter storm of January 25-26, 2026, Plaintiff's manager Mr. Thomas Trauger became angry at Plaintiff because she needed to sleep at home, and not spend the night at Valley Manor, due to her high risk pregnancy.

15.     Plaintiff notified Defendant Valley Manor on January 28, 2026 that she was formally requesting FMLA intermittent leave.

16.    Defendant terminated Plaintiff's employment on February 3, 2026.  Defendant did not give any reason for its decision to terminate Plaintiff's employment other than "going in a different direction."

17.    Defendants represented to others that Plaintiff was laid off.

18.    Defendant replaced Plaintiff immediately with a man who was not capable of getting pregnant.

19.    Plaintiff was a high performing, highly compensated Nursing Home Administrator who received a raise in July 2025 and a bonus more recently.  She has no disciplinary history.

20.    Defendants regarded Plaintiff as disabled due to her high risk pregnancy.

21.    Plaintiff believes and asserts that her termination was a result of pregnancy discrimination, disability discrimination, as well as retaliation for requesting accommodation and FMLA intermittent leave, and retaliation for additional protected activity described below.

22.    In addition to her protected activity described above, Plaintiff engaged in other protected activity which was one of the reasons Defendant terminated her employment.

## FALSE CLAIMS ACT PROTECTED ACTIVITY

23.    Plaintiff objected to and tried to stop Medicare/Medicaid fraud of two types, one relating to falsely claiming that certain residents were bedbound and claiming reimbursement from Medicare and/or Medicaid for ambulance transportation by Select Ambulance for those residents.  The second related to employing an unlicensed nursing assistant to care for residents in violation of Medicare/Medicaid regulations.

4

24.     For non-bedbound residents, Valley Manor transported the residents to medical appointments at its own expense, sometimes using its own van and staff, and sometimes using a much more expensive ambulance service, Select Medical.  For bedbound residents, Valley Manor was able to bill Medicare/Medicaid for ambulance service.

25.     For various reasons, Valley Manor often had to use an ambulance service to transport non-bedbound residence, e.g. because the company van was broken down, or there were too many requests to accommodate in the company van on a given date.

26.     Valley Manor and Defendant Gutman retained David Rothberg to try to maximize Medicare/Medicaid reimbursements.  As a result, Valley Manor began designating non-bedbound residents as bedbound for the purpose of seeking fraudulent Medicare/Medicaid reimbursement for their transport by Select Medical ambulances.

27.     Plaintiff believes that Select Medical noticed that Valley Manor residents who were not actually bedbound were suddenly designated by Valley Manor as bedbound, for the purposes of fraudulent requests for Medicare/Medicaid reimbursements.

28.     Plaintiff believes that Select Medical decided to audit Valley Manor's designation of residents as bedbound and thus eligible for ambulance transport billed to Medicare/Medicaid, and that Select Medical demanded therapy notes to prove that the residents were bedbound.

29.     Mr. Rothberg tried to persuade various Valley Manor employees to change residents' therapy notes to indicate falsely that the residents were bedbound, in order to satisfy Select Medical's audit demands.

30.     Plaintiff refused to participate in and objected to this fraudulent "bedbound resident" activity, tried to stop it, and reported it internally.  She also protected other employees who refused to participate in this fraudulent activity.

31. Defendants believed, based on Plaintiff's objections to the bedbound resident fraud, refusal to participate in it, and protection of other employees who also refused to participate, that Plaintiff was participating in an investigation of potential claims under the False Claims Act.

32. Defendants believed, based on Plaintiff's objections to the bedbound resident fraud, refusal to participate in it, and protection of other employees who also refused to participate, that Plaintiff was engaged in other efforts to stop violations of the False Claims Act and other federal laws relating to Medicare/Medicaid reimbursement.

33. Plaintiff discovered that Valley Manor employee Diana Ross hired a purported certified nursing assistant (CNA) who did not have a Pennsylvania license. This employee, Felecia Ortiz, worked at Valley Manor for over a year before the new HR staff Ms. Colon brought in discovered that she was unlicensed.

34. Plaintiff objected to Valley Manor employing Ms. Ortiz and informed Mr. Trauger that this needed to be reported to the state, but he refused to report it.  It was illegal for Valley Manor to employ an unlicensed person as a CNA because Valley Manor receives Medicare/Medicaid reimbursement.

35. Plaintiff's actions in objecting to the unlawful employment of Ms. Ortiz is protected activity under federal law.

36. Defendants believed, based on Plaintiff's objections to the employment of Ms. Ortiz, that Plaintiff was investigating potential claims under the False Claims Act.

37. Defendants believed, based on Plaintiff's objections to the employment of Ms. Ortiz, that Plaintiff was engaged in other efforts to stop violations of the False Claims Act and other federal laws relating to Medicare/Medicaid reimbursement.

## ERISA PROTECTED ACTIVITY

38.    Valley Manor agreed to provide Plaintiff and other employees with dental and vision insurance, but later dropped and retroactively cancelled the coverage, but kept deducting premiums for this non-existent insurance from employees' paychecks.

39.    Plaintiff objected to the fact that Valley Manor dropped its dental and vision insurance, even though they kept deducting premium payments from employees' paychecks. Plaintiff brought her concerns up her chain of command and was ignored.

40.    There is an active investigation of this dental/vision insurance issue by the United States Department of Labor and Plaintiff participated in the investigation and encouraged other employees to do so.  Plaintiff believes that Defendant Gutman was angry at her for putting her concerns in writing and participating in the federal investigation.

41.    Plaintiff's activity was protected by ERISA Section 510.

42.    Plaintiff's activity in objecting to Defendants' Medicare/Medicaid fraud, and violations of ERISA relating to the dental and vision insurance, and participating in the investigation of those violations and otherwise trying to stop the violations, were among the reasons why Defendants terminated her employment at Valley Manor.

43.    Plaintiff has suffered losses of wages and benefits, together with losses to her dignity and reputation due to Defendants' unlawful actions.

44.    Plaintiff has experienced significant emotional and mental distress caused by her sudden and unjustified termination, which is aggravated by the fact that she is going through a high-risk pregnancy.  She is treating for her distress.

7

## COUNT ONE – PREGNANCY DISCRIMINATION - DISCHARGE

(Plaintiff v. Valley Manor)

45.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

46.     Plaintiff is in a protected class because at the time of her discharge she was pregnant.

47.     Plaintiff suffered an adverse employment action by her employer because of her pregnancy.

48.     Plaintiff's pregnancy was the cause of the adverse employment action.

49.      Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences of an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT TWO – FAILURE TO ACCOMMODATE PREGNANCY

(Plaintiff v. Valley Manor)

50.     Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

51.     Plaintiff is in a protected class because at the time of her discharge she was pregnant.

52.     Plaintiff requested that her employer provide reasonable accommodation for her pregnancy, including the ability to stay at home overnight during a major winter storm, and the ability to take intermittent leave for medical appointments.

53.     Plaintiff suffered an adverse employment action by her employer in retaliation for and because of her request for reasonable accommodation for her pregnancy.

54.     Plaintiff's pregnancy and request for reasonable accommodation were the cause of the adverse employment action.

55.      Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences of an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

### COUNT THREE  – FMLA INTERFERENCE

(Plaintiff v. All Defendants)

56.      Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

57.     Plaintiff requested intermittent leave, and upcoming regular leave, for her pregnancy, including pre-natal care, any incapacity due to pregnancy, upcoming childbirth and bonding with her baby.

9

58.    Defendants failed to grant and interfered with the leave which Plaintiff requested, including by discharging her so that she could not take the leave to which she was entitled.

59.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) liquidated damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences of an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT FOUR – FMLA RETALIATION

### (Plaintiff v. All Defendants)

60.    Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

61.    Plaintiff requested FMLA intermittent leave, and upcoming regular leave, for her pregnancy, including pre-natal care, any incapacity due to pregnancy, upcoming childbirth and bonding with her baby.

62.    Defendants retaliated against Plaintiff for requesting FMLA leave, including by discharging her.

63.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if

any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) liquidated damages;

(7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences

of an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT FIVE – ADA DISCRIMINATION

(Plaintiff v. Valley Manor)

64.    Plaintiff incorporates the foregoing paragraphs as though set forth at length

herein.

65.    Plaintiff was in a protected category because Defendant regarded her as disabled

due to her high risk pregnancy.

66.    Defendants discriminated against Plaintiff for her presumed disability including

by discharging her.

67.     Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits

or other compensation denied or lost by such violation, including front wages; (2) equitable relief

such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if

any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages;

(7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences

of an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

11

## COUNT SIX – ADA RETALIATION

(Plaintiff v. Valley Manor)

68.     Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

69.     Plaintiff was in a protected category because Defendant regarded her as disabled due to her high risk pregnancy.

70.     Plaintiff requested reasonable accommodations for her high risk pregnancy.

71.     Defendants retaliated against Plaintiff for requesting reasonable accommodations.

72.      Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences of an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT SEVEN – PHRA DISCRIMINATION

(Plaintiff v. All Defendants)

73.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

74.     Plaintiff is in a protected class because at the time of her discharge she was pregnant.

75.     Plaintiff suffered an adverse employment action by her employer because of her pregnancy.

12

76.    Plaintiff's pregnancy was the cause of the adverse employment action.

77.    Defendant Gutman aided and abetted the violation of Plaintiff's right to be free from pregnancy discrimination.

78.     Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences of an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT SEVEN – PHRA RETALIATION

(Plaintiff v. All Defendants)

79.    Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

80.    Plaintiff is in a protected class because at the time of her discharge she was pregnant.

81.    Plaintiff requested that her employer provide reasonable accommodation for her pregnancy, including the ability to stay at home overnight during a major winter storm, and the ability to take intermittent leave for medical appointments.

82.    Plaintiff suffered an adverse employment action by her employer in retaliation for and because of her request for reasonable accommodation for her pregnancy.

13

83.     Plaintiff's pregnancy and request for reasonable accommodation were the cause of the adverse employment action.

84.     Defendant Gutman aided and abetted the violation of Plaintiff's right to be free from pregnancy discrimination and retaliation.

85.      Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences of an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT EIGHT – FALSE CLAIMS ACT RETALIATION

(Plaintiff v. All Defendants)

86.     Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

87.     Plaintiff engaged in activity protected by the False Claims Act by objecting to and refusing to participate in Defendants fraudulent "bedbound resident" activity, tried to stop it, participated in Select Medical's investigation of it, and reported it internally.  She also protected other employees who refused to participate in this fraudulent activity.

88.     Plaintiff engaged in activity protected by the False Claims Act by objecting to and refusing to participate in Defendants fraudulent unlicensed CNA activity, trying to stop it, and reporting it internally.

89.    Defendants knew of Plaintiff's protected activity.

90.    Defendants discriminated and retaliated against Plaintiff for her protected activity by discharging her.

91.    Plaintiff's protected activity was a cause of Defendants' discharging her.

92.    Plaintiff has suffered damages as a result of Defendants' unlawful actions.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including double back wages and front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences of an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

### COUNT NINE – ERISA 510 RETALIATION

(Plaintiff v. All Defendants)

93.    Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

94.    Plaintiff engaged in activity protected by ERISA by objecting to and participating in an investigation of Defendants' unlawful actions as described above relating to Defendants' dental and vision insurance benefits plan.

95.    Defendants knew of Plaintiff's protected activity.

96.    Defendants discriminated and retaliated against Plaintiff for her protected activity by discharging her.

15

97.     Plaintiff's protected activity was a cause of Defendants' discharging her.

98.     Plaintiff has suffered damages as a result of Defendants' unlawful actions.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including double back wages and front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences of an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.


Date: 4/14/2026                                  By:  /s/ M. Frances Ryan
                                                     M. Frances Ryan
                                                     Validation of signature code:  MFR1130
                                                     Wusinich, Sweeney & Ryan, LLC
                                                     102 Pickering Way, Suite 403
                                                     Exton, PA  19341
                                                     (610) 594-1600
                                                     mfrancesryan@wusinichsweeney.com
                                                     *Attorney for Plaintiff*

16